NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FABIAN AGUILAR MARTINEZ, | Hon. Robert B. Kugler |
| Petitioner, | Civil No. 11-7167 (RBK) |
| v. | |
| DONNA ZICKEFOOSE, et al., | OPINION |
| Respondents. | |

**APPEARANCES**:

> FABIAN AGUILAR MARTINEZ, #19296-047
> FCI Fort Dix
> P.O. 2000
> Fort Dix, NJ 08640
> Petitioner Pro Se

**KUGLER, District Judge**:

Fabian Aguilar Martinez, a federal prisoner confined at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed on December 10, 2004, and amended on September 21, 2005, in the United States District Court for the District of Nebraska.  Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.  BACKGROUND**

Petitioner challenges his incarceration pursuant to an aggregate 322-month term of imprisonment imposed by amended judgment filed September 21, 2005, after a jury found him

guilty of conspiring to distribute and possession with intent to distribute 500 grams or more of methamphetamine and use or possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c).[1]  See United States v. Martinez, Crim. No. 03-0563 judgment (D. Neb. Sept. 21, 2005).  Petitioner appealed, and on May 22, 2006, the Eighth Circuit affirmed. Id. at Dkt. 123.  On October 2, 2006, the United States Supreme Court denied certiorari.  Id. at Dkt. 126.

In December 2007, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate the sentence, which the sentencing court summarily dismissed as untimely on February 26, 2008. See United States v. Martinez, Crim. No. 03-0563 order (D. Neb., Feb. 26, 2008) (Dkt. 133). The Eighth Circuit denied a certificate of appealability on April 23, 2008.  Id. at Dkt. 140.  On June 16, 2009, Petitioner filed a motion for restructuring the term of imprisonment to make the sentences run concurrently, which the sentencing court denied on June 23, 2009, as a successive § 2255 motion not authorized by the Eighth Circuit.  Id. at Dkt. 145, 146.

Petitioner executed the § 2241 Petition (presently before this Court) on December 3, 2011.  (Dkt. 1 at 53.)  Petitioner raises the following grounds:

---

[1] Section 924(c)(1)(A)(i), amended in 1998, provides:

> [A]ny person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime - be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(i).

> Legal Issue I:  THE GOVERNMENT FAILED TO ESTABLISH THAT MR. AGUILAR VIOLATED TITLE 18 U.S.C. § 924(C)(1) "USE" "CARRY" "POSSESS" A FIREARM DURING A RELATION OF THE DRUG TRAFFICKING CRIME.
>
> Legal Issue II:  WHETHER THE TRIAL COURT ERROR IN FAILURE TWICE TO READ THE CHANGES IN THE INDICTMENT CORRECTLY TO THE JURY IN COUNT TWO CONSTITUTE "STRUCTURAL DEFECT."
>
> Legal Issue III:  WHETHER THE TRIAL COURT DEFINITION OF REASONABLE DOUBT CONSTITUTE[S] STRUCTURAL ERROR UNDER CAGE AND SULLIVAN.
>
> [Legal Issue IV:]  DANA C. BRADFORD NEGLECTED TO APPEAL THE ISSUE OF INSUFFICIENT EVIDENCE TO ESTABLISH THAT MR. AGUILAR "DID" "USE" "CARRY" AND "POSSESS" OF FIREARMS DURING THE TRAFFICKING CRIME.

(Dkt. 1 at 20, 29, 34, 46.)

Petitioner argues that 28 U.S.C. § 2255 is inadequate or ineffective for his claims because he is actually innocent.

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless

3

the remedy under § 2255 is "inadequate or ineffective." [2] See 28 U.S.C. § 2255(e). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

decided. Dorsainvil claimed that he was actually innocent of "use" of a firearm after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that "use" of a firearm, under § 924(c)(1)(a)(i), does not include mere possession of a firearm.[3] In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court ruled that the Court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final. The Dorsainvil Court ruled that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. However, the Third Circuit held that, under the narrow circumstances present, § 2255 was inadequate and ineffective, allowing Dorsainvil to raise his Bailey claim under § 2241:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

Dorsainvil at 251.

Here, all of Petitioner's claims are within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective. Section 2255 is not inadequate or ineffective for Petitioner's claims, however,

---

[3] In 1998, "Congress responded to Bailey by amending § 924(c)(1). The amendment broadened the provision to cover a defendant who 'in furtherance of any [crime of violence or drug trafficking] crime, possesses a firearm.' 18 U.S.C. § 924(c)(1)(A). The amendment did not touch the 'use' prong of § 924(c)(1)." Watson v. United States, 552 U.S. 74, 77 n.3 (2007).

because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted (conspiracy to distribute methamphetamine and possession of a firearm in furtherance of drug trafficking offence) is now non-criminal.  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Massey v. United States, 581 F. 3d 172 (3d Cir. 2009) (petitioner may not challenge federal sentence on Booker grounds via a writ of audita querela); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) ("Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.  Accordingly . . , § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument").  Because § 2255 is not an inadequate or ineffective remedy for Petitioner's claims, this Court lacks jurisdiction to entertain Petitioner's claims under § 2241 and will dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


                                         s/Robert B. Kugler
                                         **ROBERT B. KUGLER, U.S.D.J.**


Dated:     December  13,      2011